UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:13-cr-609-VMC-CPT

JAIRO VALENCIA-MINA

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jairo Valencia-Mina's pro se Motion for Compassionate Release (Doc. # 289), filed on November 12, 2021. The United States responded on November 18, 2021. (Doc. # 291). For the reasons set forth below, the Motion is denied.

**I.   Background**

In November 2019, the Court sentenced Valencia-Mina to 168 months' imprisonment after he pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (Doc. # 267). Valencia-Mina is 49 years old and is projected to be released on August 21, 2028.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

In the Motion, Valencia-Mina seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because he suffers from hepatitis C, hypertension, and latent tuberculosis. (Doc. # 289 at 2, 3). The United States has responded (Doc. # 291), and the Motion is now ripe for review.

## II. Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Valencia-Mina argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No.

2

6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the government argues that, even if Valencia-Mina has exhausted his administrative remedies, the Motion should be denied because Valencia-Mina has not demonstrated extraordinary and compelling reasons to warrant compassionate release. (Doc. # 291 at 2-3).

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Valencia-Mina bears the burden of establishing that compassionate release is warranted. See United States v.

Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And, as the United States points out, Valencia-Mina has been vaccinated and is housed in a facility with a low infection rate. (Doc. # 291 at 2, 3).

Here, Valencia-Mina argues that compassionate release should be granted because his underlying medical conditions – hepatitis C, hypertension, and latent tuberculosis – render him more susceptible to COVID-19. However, Valencia-Mina has not demonstrated that these conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from

4

hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP."); United States v. Auguste, No. 1:00-cr-00485-UU-4, 2020 WL 7635930, at *1-2 (S.D. Fla. Aug. 17, 2020) (denying an inmate's pro se motion for compassionate release who suffered from obesity and a latent tuberculosis infection). Nor do these conditions constitute a terminal illness. Thus, Valencia-Mina's medical conditions do not warrant release.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. The nature and circumstances of this case involved the smuggling of over five kilograms of cocaine into the United States. (Doc. # 267). Valencia-Mina has completed just two years of a 14-year sentence, and the Court finds that the need for deterrence weighs against release at this time.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Jairo Valencia-Mina's pro se Motion for Compassionate Release (Doc. # 289) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of November, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE